IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

_____

RITA D. HILL,                                       Case No.8:08CV348

          Plaintiff,

   v.                                               **STIPULATED PROTECTIVE ORDER**

CINTAS CORPORATION,

          Defendant.

_____

1. **INTRODUCTION**

    It is hereby stipulated and agreed by and between the undersigned parties to this action that, in the course of discovery in this action, any information designated by a party to be "Confidential Information" in conformance with paragraph 2. B. below shall be disclosed only in the manner designated in this Stipulation and Order. The restrictions and procedures contained in this Stipulation and order shall apply to all documents, testimony, and other sources from which a party is called upon to produce any Confidential Information.

2. **DOCUMENTS**

    A.    When used in this Order, the term "Confidential Information" shall mean all discovery regarding the Defendant's confidential personnel data, and/or Defendant's confidential business, financial and/or proprietary information, including but not limited to such information contained in answers to interrogatories, responses to request for admissions, responses to requests for production of documents, and deposition testimony, (collectively referred to as "Confidential Information").

    B.    In producing documents and data in this action which contain sensitive information of a non-public nature, parties may designate such documents and data as "Confidential," which documents and data shall be so marked.

    C.    "Documents" are all materials within the scope of Fed. R. Civ. P. 34.

    D.    All confidential documents and data shall be used solely for the prosecution and/or defense of this action.

**3.    DISCLOSURES**

    A.    Unless otherwise ordered by the Court in this proceeding, all Confidential Information will be held by the receiving party solely for use in connection with the above-captioned action.

    B.    Confidential Information shall not be disclosed to any person, except:

        (1)    counsel for the parties to this litigation, including outside counsel employed in connection with this litigation;

        (2)    employees of such counsel assigned to and necessary to assist such counsel in the preparation of litigation;

        (3)    the parties and officers, directors, or employees of the parties, who are required by the parties to work directly on this litigation, and then only to the extent necessary to perform such work;

        (4)    consultants and experts, retained to furnish technical or expert services or give testimony in connection with this litigation, including agents of a party, members of a party's accounting firm or financial advisor of a party, independent consultants and experts, employees of a party designated by

>   that party to be a consultant or expert for purposes of this litigation, and clerical or other employees of said consultants and experts performing work in connection with this litigation, to the extent deemed necessary by counsel for the prosecution or defense of this litigation;
>
> (5) any person of whom testimony is taken or to be taken in this action, except that such a person may only be shown Confidential Information during his testimony and in preparation therefore, and may not retain any Confidential Information; and
>
> (6) such personnel of the Court as are necessary;
>
> (7) any other person agreed upon by the parties in writing or as ordered by the Court.

Any person who makes any disclosure of Confidential Information permitted under this paragraph shall advise each person to whom such disclosure is made as to the terms of this Stipulation and order as specified in paragraph 3. D.  The persons described in paragraph 3. B. above are enjoined from disclosing Confidential Information to any other person, except in conformance with this Stipulation and Order.  These restrictions do not apply to use of Confidential Information by its producer.

> C. Confidential Information shall not be disclosed to any person other than those persons included in paragraph 3. B. without the express written agreement of the parties or order of the Court.
>
> D. Any person given access to Confidential Information protected by this Stipulation and Order shall be first advised that the information is being disclosed subject to

the terms of this Stipulation and Order and may not be disclosed other than as subject to these terms.

**4.     OBJECTION TO CONFIDENTIAL CLASSIFICATION**

A party by its counsel may, at any time, serve upon all parties, a written notice of objection to continuing to treat any Confidential Information as subject to all or any portions of this Stipulation and Order.  Such notice shall identify specifically the material as to which the objection is made and specify the reasons for the objection.  The party producing the disputed material shall, within twenty (20) days of receipt of such notice, notify every party in writing whether or not it will agree to remove its claim of confidentiality as to that material. If no agreement can be reached among the parties, any party shall be free to move the Court for an order of Declassification of the specified material.  This motion shall set forth a description of the nature of the material in question and the reasons why the moving party believes the material should be declassified in general or for a particular purpose.  If the Court finds it appropriate, the Court may examine the material <u>in camera</u>.  Until such time as the Court orders that the material be declassified, the material in question shall continue to be treated as subject to the terms of this Stipulation and order.

**5.   INADVERTENT PRODUCTION**

Inadvertent production of any document or other information during discovery in this action shall be without prejudice to any claim that such material is privileged or protected from discovery as work product within the meaning of the Federal Rules of Civil Procedure, and no party shall be held to have waived any rights by such inadvertent production. Any document or information so produced and subject to a claim of privilege or work product subsequently made shall immediately be returned to the producing party, and such document or information shall not be introduced into evidence in this or any other proceeding by any person without the consent of the producing party or by order of the Court. Nor will such document or information be subject to production in any proceeding by virtue of the fact that it was inadvertently produced in this proceeding.

**6.   HEARING AND DISCOVERY**

This Protective Order does not restrict the parties as to the procedures to be employed at the hearing for handling confidential material, nor does it effect any party's right to assert that in-camera review of information or documents is appropriate for a determination as to discoverability, that other protective orders should be issued, or that other procedures should be employed at hearing regarding confidential material.

**7.   CLIENT CONSULTATION**

Nothing in this order shall prevent or otherwise restrict counsel from rendering advice to their clients and, in the course thereof, relying generally on examination of stamped confidential documents; provided, however, that in rendering such advice and otherwise communicating with such clients, counsel shall not make specific disclosure of any item so designated except pursuant to the procedures of paragraph 3.

**8.    MODIFICATION**

Nothing in this order shall prevent any party or other person from seeking modification of this order or from objecting to discovery that it believes to be otherwise improper.

**9.    EXECUTION OF THE ORDER**

The parties agree to subject this Stipulation and Order to the Court for approval.

**10.   CONCLUSION OF THE ACTION**

All Confidential Information subject to this Stipulation and Order shall be promptly returned to the producing parties or, at their written request, destroyed upon conclusion of this litigation.  The return or destruction of such Confidential Information shall be certified by the receiving persons. Conclusion shall be taken and construed as the date sixty (60) days following the entry of a final, non-appealable order disposing of the case.  After and notwithstanding such conclusion, this Stipulation and Order shall remain in full force and effect, and each person subject to this Stipulation and Order shall continue to be subject to the jurisdiction of this Court for purposes of this Stipulation and Order in perpetuity.

All counsel shall at all times keep secure all notes, abstractions, and other work product derived from, containing, or otherwise relating to Confidential Information.  Counsel shall be obligated to maintain the confidentiality of such work product and shall not disclose or reveal its contents after Confidential Information is returned or destroyed upon conclusion of this litigation.

**11.   MISCELLANEOUS**

  A.    Except as expressly stated herein, nothing in this Order is intended to affect any right any party otherwise might have under the rules governing this proceeding or the doctrines of attorney-client privilege or attorney work product.  The purpose of this Order is to facilitate discovery in this action, and in no manner shall it

      affect the application of any state or federal law or law of any other country regarding confidentiality of information.

B.    The attorneys of record are responsible for employing reasonable measures, consistent with this order, to control duplication of, access to, and distribution of copies of stamped confidential documents. Parties shall not duplicate any stamped confidential document except working copies and for submission to the Court.

C.    Nothing contained in this protective order and no action taken pursuant to it shall prejudice the right of any party to contest the alleged relevancy, admissibility, or discoverability of the confidential documents and information sought.

SO ORDERED:

Dated: August 7, 2009                       BY THE COURT

                                                /s/ *Richard G. Kopf*
                                                United States District Judge

Agreed to:

| /s/ Mark J. Chumley  (*pro hac vice*) | /s/ Judith A. Wells |
|---|---|
| Mark J. Chumley, Ohio Bar #0067321 | Judith A. Wells, 23090 |
| Keating Muething & Klekamp, PLL | Law Office of Judith A. Wells |
| One East Fourth Street | 1905 Harney Street, Suite 640 |
| Suite 1400 | Omaha, NE  68102 |
| Cincinnati, Ohio 45202 | Tel: (402) 884-2777 |
| Tel.: (513) 579-6563 | Fax: (402) 344-7798 |
| Fax: (513) 579-6457 | Attorney for Plaintiff, Rita Hill |
| Counsel for Defendant Cintas Corporation | |

3053065.1