IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| RITA D. HILL, | ) | |
| | ) | 8:08CV348 |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | MEMORANDUM AND ORDER |
| | ) | |
| CINTAS, Corporation, | ) | |
| | ) | |
| Defendant. | ) | |

The defendant filed an unopposed motion for a telephonic conference, the issue being whether the plaintiff, who ended her deposition before it was complete, can be further deposed by oral examination, or if any further questioning must be posed by written interrogatory. Filing No. 27. The defendant filed the transcript of plaintiff's partial deposition for the court's consideration. Filing No. 28.

The court reviewed the transcript and rather than immediately scheduling a telephonic conference, entered an order affording the plaintiff "an opportunity to file a written response before the court considers the merits of this discovery dispute," and determines "if a telephonic conference is warranted." Filing No. 29. In response, the plaintiff filed a motion for protective order. Filing No. 30.

In support of her motion for protective order, the plaintiff argues the medications she takes render her unable to provide oral testimony. However "[e]very witness is presumed competent to testify . . . unless it can be shown that the witness does not have personal knowledge of the matters about which [she] is to testify, that [she] does not have the capacity to recall, or that [she] does not understand the duty to testify truthfully." U.S. v. Lightly, 677 F.2d 1027, 1028 (4th Cir. 1982). A witness' bare assertion that she is not competent to testify due to her mental state is

not sufficient to overcome the presumption embodied in Rule 601 of the Federal Rules of Evidence. U.S. v. Skorniak, 59 F.3d 750, 755 (8th Cir. 1995).

The plaintiff has offered an affidavit explaining she takes Zoloft 200 mg., Invega 9 mg., and Ambien CR 6.25 mg. daily. She also submitted copies of internet information (MedTv.com & Drugs.com) describing the side effects of these medications, and a letter signed by Lorraine Clark Benson, LCSW, LMHP, who works with the Douglas County Community Mental Health Center, (filing no. 33, at CM/ECF p. 2), stating the plaintiff has been taking the same medications since February 2009. The plaintiff's partial deposition was taken on August 12, 2009. Filing No. 28.

Even if the court assumes the plaintiff's internet evidence is admissible, it does not support her claim that she is, and was on August 12, 2009, unable to provide deposition testimony. Specifically, inability to concentrate or distinguish truth from fiction, delusional thoughts, and loss of memory are not identified as potential side effects for the plaintiff's medications. Even if such effects were listed, "[s]ide effects can vary from one patient to the next. . . ." Filing No. 33, at CM/ECF p. 2. The letter from Ms. Benson does not address the plaintiff's mental capacity and ability to respond to deposition questioning presently, historically, or specifically at the time she was previously deposed. Filing No. 28.

As described in the court's prior order, (filing no. 29), during her deposition, the plaintiff repeatedly stated that although she was on medication, she was nonetheless able to truthfully answer the questions. The plaintiff's motion states that during her deposition, the plaintiff failed to respond to questions posed by either counsel, and sat with a blunt affect without acknowledging she heard or understood the questions asked. Filing No. 30, at CM/ECF pp. 1-2. Having reviewed the deposition transcript, the court found very few unanswered questions. As to some critical questions, the plaintiff answers were certainly not in her best interest,

particularly those responses provided just prior to lunch when the deposition was stopped, but the plaintiff did answer the questions. The court cannot on the bare transcript see whether the plaintiff paused significantly or incessantly, appeared puzzled or confused, or appeared listless or detached during the deposition.

The plaintiff has made no showing of incompetence, much less a showing that is sufficient to overcome the presumption of competence. There is no evidence supporting the plaintiff's decision to cease the deposition on August 12, 2009, and no evidence supporting a claim that she is unable to finish the deposition by oral examination. A telephonic conference is not warranted, and the plaintiff's motion for protective order must be denied.

The court is concerned that if the plaintiff's deposition is offered in support of any motions, the plaintiff may again claim she was incompetent when her deposition was taken. The determination of whether a witness is mentally and emotionally competent to provide testimony is decided by the court and is "best made with the benefit of firsthand observation of the witness." U.S. v. Peyro, 786 F.2d 826, 830 (8th Cir. 1986). This is particularly true where, as in this case, the plaintiff appears to be relying on what the plaintiff did rather than what she said in arguing she was not competent. Therefore, if the defendant chooses to further question the plaintiff, it may repeat the deposition questioning already performed and ask additional questions, and any such deposition shall be video-recorded in accordance with the rules set forth in NECivR 30.1(b). See, Andrews v. Neer, 253 F.3d 1052, 1062-63 (8th Cir. 2001)(holding where the court evaluated a witness' ability to testify truthfully before admitting his videotaped deposition testimony, the witness' status as an involuntarily committed schizophrenic did not ipso facto render him incompetent to testify in federal district court).

IT IS ORDERED:

1) The parties' motion for telephone conference, (filing no. 27), is denied.

2) The plaintiff's motion for protective order, (filing no. 30), is denied.

3) The defendant is entitled, if it chooses, to depose the plaintiff upon oral examination. In addition to asking new questions, the defendant may repeat the deposition questioning already performed. Any such deposition shall be video-recorded, and the parties shall comply with the video-recording rules set forth in NECivR 30.1(b).

DATED this 25th day of September, 2009.

BY THE COURT:

*Richard G. Kopf*
United States District Judge